DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **DAISY RAMOS**, | ) |
| | ) |
| **Plaintiff**, | ) |
| | ) |
| v. | )   Civil Action No. 2010-119 |
| | ) |
| **SYLVESTER MCINTOSH, TURNER ST.** | ) |
| **CROIX MAINTENANCE, HOVENSA, LLC.,** | ) |
| **UNITED STEELWORKERS OF AMERICA** | ) |
| **and LOCAL CHAPTER 8248,** | ) |
| | ) |
| **Defendants**. | ) |
| _____ | ) |

**Attorneys:**
**Rachel E. Morrison, Esq.,**
St. Croix, U.S.V.I.
 *For the Plaintiff*

**Sunshine S. Benoit, Esq.,**
St. Croix, U.S.V.I.
 *For Defendant HOVENSA, L.L.C.*

**Michael J. Sanford, Esq.,**
St. Croix, U.S.V.I.
 *For Defendant United Steelworkers of America and Local Chapter 8248*

**Charles E. Lockwood, Esq.,**
**George H. Logan, Esq.,**
St. Croix, U.S.V.I.
 *For Defendant Turner St. Croix Maintenance, Inc.*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

 THIS MATTER is before the Court on Defendant HOVENSA, L.L.C.'s ("HOVENSA") "Motion to Compel Arbitration and Stay Pending Arbitration in Lieu of an Answer" ("Motion to

Compel Arbitration") (Dkt. No. 14), and "Motion to Deem Conceded HOVENSA's Motion to Compel Arbitration and Stay Pending Arbitration in Lieu of an Answer" ("Motion to Deem Conceded") (Dkt. No. 22).  For the following reasons, the Motion to Compel Arbitration will be granted and the Motion to Deem Conceded will be denied.

### I. Background

Plaintiff Daisy Ramos originally brought suit in the Superior Court of the Virgin Islands against multiple defendants. Defendants United Steelworkers of America and Local Chapter 8248 (collectively, "Union") removed to this Court (Dkt. No. 1), and HOVENSA and Defendant Turner St. Croix Maintenance ("TSCM") consented to the Union's removal (Dkt Nos. 5,7).  As alleged in the complaint, Plaintiff was employed by Defendant TSCM and worked at the HOVENSA refinery.  The complaint further alleges that: Defendant Sylvester McIntosh, another TSCM employee, committed an assault and battery against Plaintiff for which HOVENSA and TSCM are vicariously liable in tort; the Union, HOVENSA, and TSCM constructively discharged Plaintiff by permitting conditions of harassment; TSCM breached the Collective Bargaining Agreement ("CBA") it signed with Plaintiff; the Union breached its duty of fair representation; and all defendants intentionally and/or negligently inflicted emotional distress on Plaintiff.  These claims stem from alleged repeated instances of violence and/or threats against Plaintiff by Defendant McIntosh, and the other Defendants' alleged failure to respond appropriately.  (Dkt. No. 1, Ex. 1).

HOVENSA filed its Motion to Compel Arbitration and to stay the Court's proceedings pursuant to the Federal Arbitration Act ("FAA"), and based on the alleged validity of the arbitration provisions in Plaintiff's Employment Agreement with TSCM.  (Dkt. No. 14). Plaintiff did not respond to HOVENSA's Motion to Compel Arbitration, and HOVENSA

subsequently filed the Motion to Deem Conceded. (Dkt. No. 22). This Court will address each motion in turn.

## II. HOVENSA's Motion to Compel Arbitration

As this Court noted in its August 26, 2011 Order in this case, the FAA "established a strong federal policy in favor of the resolution of disputes through arbitration." (Dkt. No. 12, citing *Alexander v. Anthony Intern., L.P.,* 341 F.3d 256, 263 (3d Cir. 2003)). The Supreme Court has read the FAA broadly in affirming a "liberal federal policy favoring arbitration," even for "claims arising under a statute designed to further important social policies." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 89-90 (2000) (*citing Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24 (1983)). The presumption in favor of arbitration where a valid arbitration clause or agreement exists is thus well established. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24.

The FAA provides that a court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement," provided that the court is "satisfied that the issue involved … is referable to arbitration" under the parties' agreement. 9 U.S.C. § 3. Arbitration is a "matter of contract" where "litigants may freely contract to refer their dispute to arbitration." *Teamsters Local Union No. 764 v. J.H. Merritt & Co.,* 770 F.2d 40, 42 (3d Cir. 1985); *Gov't of V.I. v. 0.459 Acres of Land Consisting of Following: Parcel No. 6A Estate Thomas Kings Quarter & Parcel No. 9A, Estate Thomas, Virgin Islands,* 286 F. Supp. 2d 501, 511 (D.V.I. 2003). Where a valid contractual provision specifies arbitration as the means of resolving claims or controversies, the FAA indicates a suit filed in federal court should be stayed accordingly.

Here, there is no challenge to the validity of the arbitration provisions in the

3

Employment Agreement signed by Plaintiff and Defendant TSCM. Indeed, the record in the case contains emails by Plaintiff's attorney specifically stating that "Plaintiff agreed to submit any dispute with Hovensa" to arbitration. (Dkt. No. 17, Ex. 2). Further, the arbitration agreement specifies that "all claims Employee may have against HOVENSA … arising out of or in any way relating to" Plaintiff's employment or presence at HOVENSA, or HOVENSA's dealings with Plaintiff, "shall be resolved solely and exclusively by arbitration." (Dkt. No. 14, Ex. A).[1] The arbitration agreement also provides a non-exhaustive list of matters which are deemed arbitrable, and specifically identifies "tort law, including . . . personal injury of any nature . . . and intentional infliction of emotional distress," and "any law . . . making any employment action unlawful." (Dkt. No. 14, Ex. A). The claims asserted by Plaintiff against HOVENSA fall squarely within these categories. The Court is thus satisfied that referral to arbitration is appropriate in accordance with the terms of the arbitration agreement, and HOVENSA's Motion to Compel Arbitration will, therefore, be granted.

### III.   HOVENSA's Motion to Deem Conceded

Defendant HOVENSA filed its Motion to Deem Conceded (Dkt. No. 22) after Plaintiff did not respond to HOVENSA's Motion to Compel Arbitration (Dkt. No. 14). HOVENSA argues that the Court should hold Plaintiff's year-long silence regarding the Motion to Compel Arbitration to be a concession, given that a timely response was long overdue. *See* LRCi 7.1(e)(1).

While HOVENSA is correct that Plaintiff's response is overdue under the Local Rules of Civil Procedure 7.1, the provision that authorized the filing of a motion to deem conceded was eliminated prior to HOVENSA's filing in the instant case. *See People of the Virgin Islands v.*

---

[1] The arbitration agreement carves out an exemption—not applicable here—for disputes stemming from the CBA. (Dkt. No. 14, Ex. A).

*Rivera,* No. ST-09-CR-FS3, 2010 WL 4723455 at *4 (V.I. Super. Nov. 17, 2010). Where the statutory language allowing for a motion to deem conceded has been repealed, there is "no longer any legal basis on which to file such [a] motion." *Id*. Accordingly, the Court has determined HOVENSA's entitlement to the requested relief independently of the absence of an opposition by Plaintiff. Thus, HOVENSA's Motion to Deem Conceded will be denied.[2]

### IV.   Conclusion

For the foregoing reasons, the Motion to Compel Arbitration and Stay Pending Arbitration in Lieu of an Answer will be granted, and the Motion to Deem Conceded will be denied. An appropriate Order accompanies this Opinion.


Date: September 30, 2013               _____/s/_____
                                       WILMA A. LEWIS
                                       Chief Judge

---

[2] Even if a legal basis on which to file a motion to deem conceded existed, the Court would retain the responsibility to determine whether a movant is entitled to the relief sought. Indeed, LRCi 7.1 has repeatedly been construed to require the Court to determine whether to grant relief even when the non-movant fails to respond to a motion. *See e.g., Anchorage Assoc. v. V.I. Bd. Of Tax Review,* 922 F.2d 168, 175 (3d Cir.1990); *Hodge v. V.I. Water & Power Auth.*, 2011 WL 6936480 (V.I. Super.) at *2. While the Court may decide a motion without a response, a non-movant's silence in and of itself is not a proper basis for granting a motion.